**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CE'MONNE HANNA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1009 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell |
| | ) | |
| GIANT EAGLE INC.  and | ) | |
| BENJAMIN SIMMONS | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On July 27, 2016, Defendants Giant Eagle, Inc. and Benjamin Simmons filed a Motion to Compel Production and for Sanctions [ECF No. 35] to which Plaintiff Ce'Monne Hanna has responded.  [ECF No. 36].  Defendants have filed a Reply.  [ECF No. 39].  The motion to compel concerns two categories of requested discovery related to Plaintiff's claim that the only stressor in her life at the time of her separation from Giant Eagle was the separation itself.  The two categories are:  Plaintiff's social media accounts and Plaintiff's son's criminal history.

As to the first subject, after a conference held on June 22, 2016 we ordered "Plaintiff to release her social media information with an Affidavit that her release is all-inclusive." Defendants appear to have reasonably assumed that the general discovery deadline of June 30, 2016 applied.  A first responsive discovery production was given to Defendants on July 20, 2016, and comprised some nineteen pages of entries but admittedly failed to provide the requisite Affidavit.  On July 29, 2016, two day after the Defendants filed the Motion to Compel, Plaintiff produced an Affidavit and thirty-nine pages of additional and new social media entries.  In her Affidavit Plaintiff attested she provided her attorneys with access to her social media for purposes of evidence production, including her Facebook, Instagram and LinkdIn profiles, and

her counsel has also represented to the Court that those social media sources were reviewed for responsive, discoverable material. Nevertheless, Defendants aver without providing specifics that their independent research has revealed additional entries on Plaintiff's social media accounts that are relevant yet have not been produced. Defendants renew an earlier request, which we denied, that this Court order Plaintiff to provide broad access to her Instagram, Facebook and LinkedIn accounts, and any other social media and e-mail accounts she may have, so that an independent third party vendor can review these accounts and provide to the parties all relevant entries. Defendants furthermore request that the Court order Plaintiff to provide them all her user names and passwords for her social media and e-mail accounts, and ask that we impose sanctions in the form of dismissal of the action, or fees and costs incurred as a result of Defendants having to file their Motion to Compel as well as their Reply.

We will deny Defendants request that Plaintiff be ordered to provide access to her social media accounts so that an independent third party vendor can review these accounts. At this juncture there does not appear to be conclusive evidence of willful behavior to support the extreme sanction of dismissing this case, nor a necessity for such an order directing that information be provided to third party vendor. Plaintiff has attested that she has provided direct access to the accounts to her attorneys [ECF No. 39-1] and Plaintiff's counsel has represented to the court that he and his staff have reviewed the social media accounts prior to making the production. [ECF No. 36 at ¶ 7]. Moreover, Defendants will not be prejudiced by the timing of the release of these social media entries and Affidavit. Although discovery ended June 30, 2016 (with the exception of one deposition) [ECF No. 32], their Motion for Summary Judgment is due on August 30, 2016, twenty days from today.

As to the second category, on July 11, 2016 this Court entered an Order compelling

Plaintiff to produce a summary of her minor son's incarcerations and the reasons for his incarcerations, including an Affidavit of its completeness and accuracy. In her deposition Plaintiff was asked questions about her son's criminal history and was unable to provide specifics but testified that some of his violations and incarceration had occurred during her period of employment with Giant Eagle. She cannot legally obtain the documents in aid of answering this line of questioning without her son's consent. In her Affidavit dated July 29, 2016, Plaintiff attested to the fact that in accordance with Pennsylvania law, the authority of which is not in dispute, the Court of Common Pleas of Allegheny County Juvenile Division will not release her son's criminal records without his consent, that her son will not consent to their release despite Plaintiff's request he do so, and therefore she has been unable to obtain the records. Nevertheless, Plaintiff has not explained why she has not prepared a summary as previously ordered by the Court. Defendants therefore renew their request that a summary be produced, and that Plaintiff be sanctioned fees and costs, or dismissal of the action, for refusal to provide this information.

The portion of Defendant's Motion to Compel requesting a summary is well-founded, and an appropriate Order will be entered. As to a sanction for fees and costs, or dismissal, the motion will be denied at this juncture, and the court will revisit the issue should this unexplained behavior continue.

It needs to be restated that the entire purpose of this discovery is limited to the Plaintiff's state of mind at the time of her separation from the Defendant, and for no other purpose.

**IT IS ORDERED** this 10th day of August, 2016 that Defendants' Motion to Compel [ECF No. 35] be GRANTED IN PART AND DENIED IN PART. It is DENIED with respect to Plaintiff's social media accounts. It is GRANTED with respect to Plaintiff's sons' incarceration

summary.  IT IS FURTHER ORDERED THAT Plaintiff shall produce a summary of her son's incarcerations and the reasons for his incarcerations, including an Affidavit of its completeness and accuracy to the best of her knowledge and belief, on or before August 19, 2016.


/s/  <u>Robert C. Mitchell</u><br>
Robert C. Mitchell<br>
U.S. Magistrate Judge

Cc:  record counsel via CM-ECF